**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DUSHUN D. ROBINSON,**

    **Plaintiff,**

vs.                                          **CASE NO. 4:23-cv-00352-MW-MAF**

**DEPUTY HILL,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP), which was denied. ECF Nos. 1, 2. The Court screened the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and found the complaint legally insufficient. ECF No. 4. Although the Court gave Plaintiff an opportunity to amend, he has not done so. Id. After careful consideration, the case should be dismissed because Plaintiff failed to comply with the Court's order.

**I.  Plaintiff's Complaint, ECF No. 1.**

The complaint is not on the required form. ECF No. 1. Plaintiff sued three defendants, employees at Madison Correctional Institution (C.I.) at the time of the alleged events. Id., p. 2. Plaintiff sued "Jane Doe," a female

lieutenant, and Deputy Warden Hill, solely in their individual capacities. Id. Plaintiff sued the medical administrator as a "John or Jane Doe," in his/her individual- and official capacities. Id., pp. 2-3.

On August 8, 2022, Plaintiff completed certain lab work at the medical unit and intended to return to his dormitory. Id., p. 3. While waiting for the door to open, a dentist let an orderly out but told Plaintiff he could not leave. Id. Plaintiff asked for an explanation. Id. The dentist did not respond and left. Id. A female dentist approached Plaintiff and asked if he "had a problem"; Plaintiff responded, "no . . . [it's] just . . . a simple conversation." Id. Eventually, a nurse allowed Plaintiff to leave. Id., p. 4.

When Plaintiff arrived at his cell, three officers entered. Id. The female lieutenant told Plaintiff he was going to confinement for disorderly conduct. Id. The lieutenant handcuffed Plaintiff tightly; and Plaintiff complained. Id. The officers took Plaintiff to medical; and he continued to complain about the tight handcuffs. Id., p. 5. The lieutenant told Plaintiff that the "cuffs [were] not too tight," and tightened the cuffs more on Plaintiff's left wrist. Id. Plaintiff alleges this clamped down on an artery interfering with the blood flow; his "nerves shut down, and he lost his leg support." Id., p. 5. The lieutenant denied Plaintiff a nurse or wheelchair and had officers take Plaintiff to confinement. Id. Plaintiff remained handcuffed in confinement for an hour. Id.

After the handcuffs were removed, a nurse saw Plaintiff and told him his nerves were "messed up"; and he needed medication and an x-ray. Id. Plaintiff had an x-ray scheduled, but no nerve compression test or other follow-up tests were conducted. Id., pp. 5-6. Plaintiff filed a grievance on August 19, 2022, which was approved and referred to the inspector general's office. Id. Plaintiff presented the approved grievance to Deputy Warden Hill and asked what she intended to do at an institutional level; Hill responded, "Nothing . . . the institution is done with the incident." Id. Plaintiff remained in confinement for twenty-one days with no disciplinary report and was denied medical assistance. Id., p. 7. Hill refused to secure camera footage.

Plaintiff alleges the lieutenant's actions, Hill's failure to curb prison abuse, and the medical administrator's failure to provide adequate medical care violate the Eighth Amendment. Id., p. 9. Plaintiff also claims assault and battery, denial of the right to secure video to exhaust his administrative remedies, "abandonment of care/custody/concern," violations of Due Process, and medical negligence. Id., p. 8. Plaintiff demands a nerve compression test, physical therapy, and other medical treatment. Id., p. 9. Plaintiff seeks $50,000 against each defendant in compensatory damages, and $25,000 against each defendant in punitive damages. Id., p. 10.

## II. Discussion

A. <u>Shotgun Pleadings are Not Permissible.</u>

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. Of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." <u>Id.</u> (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id.</u> (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n. 4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff does not attribute specific acts or omissions to the deputy warden or the medical administrator. In fact, Plaintiff does not describe any encounter with the medical administrator. Legal conclusions

are insufficient. The Court previously advised Plaintiff that his complaint was a shotgun pleading and ordered him to amend by **September 14, 2023**. As of the date of the drafting of this Report, Plaintiff has not done so.

   B. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff did not file an amended complaint to cure the deficiencies previously identified by the Court. The complaint fails to state a claim because it is a shotgun pleading.

Furthermore, the Court denied Plaintiff's IFP motion because he did not use the proper form and it was incomplete. The Court directed Plaintiff to either refile a complete IFP application or, alternatively, pay the $402 filing fee by **September 14, 2023**. ECF No. 4. Plaintiff did not comply. The Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss this action. ECF No. 4. It is worth noting that the Court also informed Plaintiff that he could choose to voluntarily dismiss his case by the same deadline. Id. On August 29, 2023, Plaintiff submitted an unsigned letter seeking to dismiss the case. ECF No. 5. However, because the letter was an improper filing, it could not be considered and was stricken. ECF No. 6. The Court reminded Plaintiff that if he sought to dismiss the case, a proper motion was required. Id. Plaintiff has not filed anything else; and, it appears, he has abandoned the case.

### III.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** because it is a shotgun pleading. Dismissal is also appropriate because Plaintiff failed to comply with a court order pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion.").

IN CHAMBERS at Tallahassee, Florida, on September 21, 2023.

> <u>s/ Martin A. Fitzpatrick</u>
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).